UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:16-cv-148-Orl-31KRS

PUXIAO CEN,

    Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, Hartford Life and Accident Insurance Company ("Hartford"), files this Notice of Removal from the Circuit Court in and for Seminole County, Florida on the basis of federal question jurisdiction, as Plaintiff's claim is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA"), and states:

1. Copies of all process, pleadings and other papers received by Hartford in the state court action are attached hereto as **Exhibit "1"**.

2. The Complaint was served by mail upon the Chief Financial Officer of the State of Florida on January 8, 2016, and was forwarded by Electronic Delivery to Hartford Life's designated agent on January 12, 2016, being first received by said designated agent the same day.

3. The Complaint seeks to recover long-term disability ("LTD") benefits allegedly due Plaintiff under Group Policy Number 83161866 (the "Group Policy") issued by

CNA Group Life Assurance Company ("CNA") to the Trustee of the Group Practice Insurance Trust located in Washington, DC.[1]  Complaint, pg. 1-2, ¶¶ 2-3, and Exh. "A."

4.   Plaintiff obtained LTD coverage under the Group Policy through her employment with Florida Heart Group ("FHG"), which was identified as a "Participating Employer" on the Group Long Term Disability Certificate (the "Certificate") issued to Plaintiff by CNA.  Complaint, pg. 1-2, ¶¶ 2-3, and Exh. "A."  Plaintiff later became an employee of Florida Hospital Medical Group ("FHMG") after it acquired FHG.  Complaint, pg. 1, ¶ 3.

5.   Plaintiff alleges that she is entitled to LTD benefits under the Group Policy, and that Hartford has wrongfully refused to pay said benefits.  Complaint, pg. 2, ¶¶ 6-9.

6.   ERISA governs employee welfare benefit plans. *Anderson v. UnumProvident Corp.*, 369 F.3d 1257, 1263 (11th Cir. 2004).  For present purposes, an "employee welfare benefit plan governed by ERISA is any (1) plan, fund or program, (2) established or maintained (3) by an employer, (4) to provide beneficiaries (5) benefits through an insurance policy." *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1214 (11th Cir. 1999).  All of the *Butero* elements are present here.

7.   Plaintiff alleges in the Complaint that ERISA is inapplicable because, according to Plaintiff, the "policy at issue was not established by Cen's employer."  Complaint, pg. 2, ¶ 3.  Under controlling law, however, when an employer participates in a multiple employer trust for the purpose of providing employees with health or disability

---

[1]   Hartford is a successor to CNA and is responsible for paying benefits under the Group Policy.

insurance coverage through a group policy issued to the trust, the employer establishes an employee welfare benefit plan that is subject to ERISA.  *Donovan v. Dillingham*, 688 F.2d 1367, 1374-75 (11th Cir. 1982).  Thus, Plaintiff's LTD coverage under the Group Policy was provided through an ERISA-governed plan.

8. The existence of an ERISA-governed plan is determined by whether an employer "intended to establish or maintain a plan to provide benefits to its employees as part of the employment relationship." *Anderson*, 369 F.3d at 1264.  The Certificate attached to the Complaint demonstrates conclusively that FHG had that intent, as it specifically established the "Florida Heart Group, P.A. Group Disability Income Insurance Plan," which was expressly noted to be subject to ERISA.  Complaint, Exh. A, pg. 22 (document titled "Summary Plan Description and ERISA Statement of Rights").

9. The Complaint further alleges that any employee benefit plan established or maintained by FHMG would be exempt from ERISA regulation because FHMG is allegedly a "church organization."  Complaint, pg. 2, ¶ 3.  Although "church plans" are indeed exempt from ERISA, 29 U.S.C. § 1003(b)(2), the statute specifies that a church plan must be "established **and** maintained" by a church or association of churches.  *Id*. at § 1002(33)(A) (emphasis added).  Thus, "[t]wo separate elements must both be met for the exemption to apply:  a church must first create (establish) the plan and then run (maintain) the plan." *Stapleton v. Advocate Health Care Network*, 76 F. Supp.3d 796, 803 (N.D. Ill. 2014).  In other words, a church plan "must be *established* by a church."  *Id*. at 803 (emphasis in original).

10. The plan at issue was established by FHG, which was not a church organization and is not alleged to have been one. Thus, even assuming -- for the sake of argument only -- that FHMG is indeed a church organization as Plaintiff alleges, the church plan exemption does not apply because FHMG did not establish the plan at issue. *Kaplan v. Saint Peter's Healthcare Sys.,* --- F.3d ---, 2015 WL 9487719, *6 (3d Cir., Dec. 29, 2015) (holding that the "plain terms of ERISA" make the church plan exemption available only to "plans established in the first instance by churches").

11. Because the plan at issue is governed by ERISA, this Court has federal question jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1). *See generally Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58 (1987). ERISA has been held by the Supreme Court to preempt all state law causes of action and to provide a federal forum for actions such as the one herein. *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549 (1987); *Chilton v. Savannah Foods & Industries, Inc.*, 814 F.2d 620, 622-23 (11th Cir. 1987). Accordingly, this case is properly removed. *Id.*; *see also May v. Lakeland Reg. Med. Ctr.*, 2010 WL 376088, *9 (M.D. Fla., Jan. 25, 2010) (ruling that employer-provided disability plans were governed by ERISA, such that plaintiff's claims were "completely preempted" and "removal jurisdiction exists").

12. Hartford therefore removes the case to this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1441(b) (providing for removability of cases over which federal courts have jurisdiction); 28 U.S.C. § 1446 (providing procedures for removal); and 29 U.S.C. § 1132(e)(1) (providing for federal jurisdiction of claims by beneficiaries under ERISA).

13. A copy of this Notice of Removal will be filed in the state court proceeding.

14. Accordingly, Defendant Hartford Life and Accident Insurance Company requests that the United States District Court for the Middle District of Florida, Orlando Division, issue such orders and process as are necessary to preserve its jurisdiction over this matter.

/s/ Jonathan M. Fordin
Jonathan M. Fordin, Esquire
Florida Bar No. 371637
Jerel C. Dawson, Esquire
Florida Bar No. 152390
jfordin@shutts.com
SHUTTS & BOWEN LLP
200 South Biscayne Boulevard
Suite 4100
Miami, Florida  33131
Telephone:  305-347-7390
Fax:  305-347-7790
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **28th** day of January, 2016, the foregoing was served electronically upon:  **Gregory D. Swartwood, Esquire**, gwartwood@nationlaw.com, jjones@nationlaw.com, THE NATION LAW FIRM, LLP, 570 Crown Oak Centre Drive, Longwood, FL 32750.

/s/ Jonathan M. Fordin
Of Counsel

MIADOCS 12258075 1 24022.0562