IN THE CIRCUIT COURT IN AND FOR
SEMINOLE COUNTY, FLORIDA

CASE NO. 2016-CA- 000017-15-W

**PUXIAO CEN,**

    Plaintiff,

vs.

**HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,**

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, **Puxiao Cen** ("Cen"), by and through the undersigned attorney, and sues the Defendant, **Hartford Life and Accident Insurance Company** ("Hartford") and alleges as follows:

1. This is an action for damages that exceeds $15,000.00 exclusive of interest, costs and attorney's fees.

2. At all material times, the Plaintiff was covered by a group insurance policy providing long term disability ("LTD") benefits. A copy of what purports to be the insurance policy is attached hereto as Exhibit "A".

3. Cen was originally an employee of Florida Heart Group ("FHG") and later became employed by Florida Hospital Medical Group ("FHMG") when FHG was purchased by that organization. The original policy was issued to the Trustee of Group Practice Insurance Trust located in Washington, D.C. That policy covered employees of FHG. 29 U.S.C. §1003(a) provides that the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1001 et seq. shall only apply to benefit plans established or

maintained by an employer or an employee organization. The policy at issue was not established by Cen's employer, FHG or FHMG. Moreover, the policy at issue was not established by an employee organization. Moreover, FHMG is a church organization and therefore any insurance established or maintained by it would be excluded from coverage by ERISA. 29 U.S.C. 1003(b).

4. Plaintiff initially became disabled on or about August 13, 2007. Plaintiff timely filed a claim for benefits. Benefits were approved and paid through December 5, 2012. Benefits were terminated thereafter.

5. After an administrative review, by letter dated October 22, 2015 Defendant upheld its decision terminating benefits.

6. Plaintiff has been and continues to be disabled since on or about August 13, 2007, as defined by the Policy, and therefore is entitled to benefits which Hartford has refused to pay.

7. Plaintiff is disabled under the terms of her disability Policy, and is entitled to LTD benefits thereunder.

8. Defendant has continued to refuse to pay all disability benefits to which Plaintiff is entitled.

9. Defendant's refusal of all disability benefits to Plaintiff is a breach of contract.

10. Moreover, Defendant has refused to pay all contractual interest penalties, breaching said contract.

11. Defendant has also failed to pay the statutory interest penalties.

12. Plaintiff has complied with all conditions precedent to recovery and to filing this lawsuit or such conditions precedent have been excused or waived.

13. Plaintiff remains fully prepared to comply with her obligations pursuant to the aforesaid Policy of insurance.

14. Because of Defendant's refusal to pay Plaintiff's benefits, it has become necessary that Plaintiff retain the services of the undersigned attorney. Plaintiff is obligated to pay a reasonable fee for the attorney's services in bringing this action, plus necessary costs.

WHEREFORE, Plaintiff demands judgment against Defendant for all covered losses with interest on any overdue payments, attorney's fees pursuant to F.S. Sections 627.428, 627.6698, 57.041, and 92.231, and costs, and demands trial by jury.

DATED this 5 day of January, 2016.

Gregory D. Swartwood, Esquire
Florida Bar No. 858625
The Nation Law Firm, LLP
570 Crown Oak Centre Drive
Longwood, FL 32750
Telephone: (407) 339-1104
Facsimile: (407) 339-1118
Primary e-mail: gswartwood@nationlaw.com
Secondary e-mail: jjones@nationlaw.com
Attorneys for Plaintiff